Requestor: Robert J. Allan, Esq., Village Attorney Village of Camillus 56 Main Street Camillus, N.Y. 13031
Written by: James D. Cole, Assistant Attorney General in Charge of Opinions
You have requested that we construe various provisions of the Highway Law and Village Law regarding the responsibility for maintenance of a bridge located on a road within the village which was abandoned by the State of New York when it replaced a portion of a State highway.
You have indicated the facts as follows:
 "For more than one hundred years one of the main east west thoroughfares through Onondaga County was New York State Route 5 also known in this area as Genesee Street. While it was a State road the State constructed a bridge over Nine Mile Creek. The bridge is wholly within the Village of Camillus and was and still is a very heavily traveled route not only for Village residents but also for Town and County residents. In 1977, a portion of State Route 5 was relocated effectively bypassing the Village of Camillus. When the new highway was constructed and dedicated, the State maintenance of the old portion of the highway (which ran through the Village of Camillus and included the bridge in question) was discontinued by Official Order of the Commissioner of Transportation. That action was done apparently pursuant to Highway Law Section 62."
You have indicated that the bridge is now in need of substantial repairs. The village maintains that under Village Law §§ 604 and 606, the maintenance of the bridge is the responsibility of the town in that the village never passed a resolution assuming responsibility for it. The town maintains that under section 62 of the Highway Law, the town has no responsibility for maintenance of this bridge. You have indicated that on some occasions, since the abandonment of the bridge by the State, village highway personnel have filled potholes on the bridge surface.
Under section 6-604 of the Village Law, where a village has supervision and control over a bridge, it is to continue to exercise control under provisions of the Village Law. In any other case, every public bridge within a village is under the control of the superintendent of highways of the town in which the bridge is wholly or partially located and the expense of maintaining the bridge is a town charge, unless the village assumes the whole or part of the expense. Village Law § 6-604. A village may assume control, care and maintenance of a bridge within its boundaries upon the adoption of a resolution by the board of trustees, subject to a permissive referendum. Id., § 6-606. Alternatively, the village board of trustees may enter into an agreement with the town to construct or maintain a bridge at the joint expense of the village and town. Ibid. Such action by the board of trustees is subject to permissive referendum. Ibid.
Section 62 of the Highway Law authorizes the Commissioner of Transportation to relocate a portion of a State highway should he determine relocation is necessary to improve alignment or to alleviate dangerous conditions. The section establishes a scheme for the maintenance of the portion of the highway abandoned. If the abandoned section of highway is located within an incorporated village, including bridges and culverts on such section, it is to be maintained thereafter by the village. An exception is established for bridges and culverts which were maintained by the town or county at the time of the improvement of the section of highway by the State. In that case, the bridge and culverts on the abandoned road are to be maintained by the town or county, respectively.
Under section 62, if the section of highway was at the time of its improvement by the State on a town highway or a county road, after abandonment by the State the portion along with bridges and culverts, located outside of an incorporated village, is to be maintained by the town or county, respectively. If the section of highway is not located within an incorporated village and at the time of its improvement by the State was not on a town highway or road, subsequent to abandonment it is to be maintained by the county. Alternatively, the Commissioner of the State Department of Transportation, with the approval of the Director of the Budget, may continue to maintain that section of highway.
While section 6-604 is a general provision dealing with responsibility for maintenance of public bridges, section 62 of the Highway Law deals specifically with the circumstances at hand-the abandonment of a portion of a State highway upon its relocation to improve alignment or alleviate a dangerous condition. Section 62 comprehensively establishes responsibility for maintenance of such portions of highways subsequent to abandonment by the State. We believe that section 62 is controlling under the present circumstances.
We conclude that upon the abandonment of a portion of a State highway under section 62 of the Highway Law, the incorporated village wherein that portion is located has responsibility for maintaining a bridge located on that portion, except where prior to the improvement of the highway by the State the bridge was maintained by the town or county.
The Attorney General renders formal opinions only to officers and departments of State government. This perforce is an informal and unofficial expression of the views of this office.